7877

Hibernia Bank and Trust Co.             No. 7877.

            —vs—                        Court of Appeal.

E. T. Dunn, Recorder of                 Parish of Orleans.
        Mortgages.

            ----------

            ----------

By Dinkelspiel, J.

## By Dinkelspiel, J.

This suit comes before us on appeal taken by Albert Millet, duly qualified under tutor of the minor Ferdinand Bacas, from a judgment rendered by the Civil District Court, Par -ish of Orleans, Division,'A', under which judgment a Writ of Mandamus, taken by the Hibernia Bank & Trust Company against the Recorder of Mortgages for the Parish of Orleans, had been made peremptory, directing said Recorder to cancel and erase from the books and records of his office, the general mortgage inscribed in Book 916, folio 682, against all the property of said Bank resulting from its confir- mation as dative tutor of said minor.

The under tutor had not been a party to the mandamus proceedings, and it was nearly a year after the judgment making the mandamus peremptory had been signed by the Judge of the District Court that a motion for a devolu- tive appeal was asked for and allowed.

The appeal is based on the grounds that the judgment was against the law, and if allowed to stand would work an injury to the minor of which he was the under tutor.

In the argument and brief filed by Counsel for the under tutor, the ground set out as to the reason why the judgment is appealed from is contrary to the law; the only point upon which this claim is based is that while it is true, that paragraph 2 of said Section 6, of the Act of 45 of 1902, set out that, the capital stock as paid in shall be taken and considered as security requi- red by law for the faithful performance of its duties as fiduciary; where a bank shall have been appointed tutor by an order of Court this security is an addition to that required by Articles 319 and 322 of the Revised Civil Code, and therefore the Court erred in directing the Recorder of Mortgages to cancel the general mortgage

given by the Bank as dative tutor oft the minor above referred to.

The Supreme Court in passing on Section 2, of Act 45, of 1902, held, that " Where act 45, of 1902, does not otherwise provide the duties, rights, and obligations of a Bank appointed tutor ad bona for a minor or interdict are the same as those prescribed by law in cases od ordinary tutor -ship"2- Young vs. Teutonia Bank and Trust Co. 134 Ann. 890.

In as much as Section 2, of said act, provides that, " the capital stock as paid in shall be taken and considered as security required by law for the faithful performance of its duties as such fiduciary; ( tutor in this case) provided the Court shall have the right to require# other security, if it shall deem proper."

It is therefore our opinion, that the Legislature was of the opinion, that the security was the only security necessary for the protection of minors and others for whom a Bank might act in it's capacity as tutor or curator, giving however to the Court discretion to exact from the Bank other security, it if it should deem it necessary or proper in the interest of # the minor, that additional security shall be furnished by it, and this Court cannot add to that security without infringing upon the prerogative of the legislative branch of the State.

It is therefore our opinion that the judgement of the lower Court is correct, but in as much as the appeal taken by the under tutor of the minor, Ferdinand Bacas, was in the interest of said minor, we are of the opinion that all the costs of appeal shall be paid by the tutor of the minor out of the funds in it's hands belonging to said minor. *Lacey v Smmury 19 a 153*

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment appealed from be affirmed, costs of appeal to be paid by the Hibernia Bank and Trust Co., dative tutor of the minor, Ferdinand Bacas, out of the funds now in it's hands as dative tutor.

Judgment Affirmed.